AE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 05 C 5549 |
| v. ) | |
| ) | Judge John W. Darrah |
| JULIEN CORNELIUS ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Petitioner's, Julien Cornelius's, *pro se* Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255.

In September 2004, Petitioner and two co-defendants were charged in a grand jury indictment with five counts of conspiracy to deal in excess of twenty-five firearms (Count One) and being a felon in possession of a firearm (Counts Three, Nine, Ten, and Twelve). In October, Petitioner moved to dismiss his appointed counsel. Petitioner's motion was granted, and Petitioner was assigned new counsel. In November 2004, Petitioner was charged in a superseding indictment with conspiracy to deal firearms in interstate commerce without a license (Count One); dealing in excess of twenty-five firearms (Count Two); selling two firearms in interstate commerce on July 3, 2004 (Count Three); being a felon in possession of a firearm on six different occasions (Counts Five, Six, Eight, Nine, Ten, and Eleven); and possessing a firearm with an obliterated serial number (Count Seven). On February 1, 2005, pursuant to a plea agreement, Petitioner pled guilty to Count One and Two of the superseding indictment. In his plea, Petitioner admitted, in pertinent part, to the following facts:

> As to Count One ... Julien Cornelius, Frank Owens, and
> Emmanuel Owens, defendants herein, who were Indiana residents and
> who were not licensed firearms dealers, manufacturers, importers, or
> collectors ("the gun sellers"), did conspire with each other and others
> to willfully transfer, sell, trade, give, transport and deliver firearms to
> other individuals who the gun sellers knew and had reasonable cause
> to believe were not Indiana residents ("the gun buyers"), in violation
> of Title 18, United States Code, Section 922(a)(5).

The Plea Agreement continues, setting forth specific conduct of Petitioner and his co-defendants, who were Petitioner's cousins, in illegally bringing guns into Indiana and then selling the guns to several individuals in co-defendant's, Emanuel Owens', mother's house in Chicago, Illinois.

At the time of Petitioner's change of plea, the Court questioned Petitioner about the truth of the matters contained in the plea agreement and the government's oral presentation of its factual basis for Petitioner's guilt. Based on the Petitioner's responses, the Court determined that Petitioner's plea of guilty was knowing and voluntary.

On June 1, 2005, pursuant to the Plea Agreement, Petitioner was sentenced to twenty-eight months of imprisonment (50 percent of the low end of the Guideline range) on Counts One and Two of the superseding indictment, to run concurrently, and a period of three years of supervised release. Petitioner did not file an appeal.

Petitioner raises two arguments in his Section 2225 Petition: (1) ineffective assistance of counsel for failing to object to an improper application of the sentencing guidelines and (2) violation of due process based on the misapplication of the sentencing guidelines due to counsel's ineffectiveness and his actual innocence of conspiracy because he was charged and pled guilty to conspiracy with one other actor who was a government agent.

Section 2255 reads, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. This collateral relief is only available where there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994), quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1992). The district court must review the record and draw all reasonable inferences in favor of the government. *See Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). However, Petitioner filed this petition *pro se*; therefore, his petition is entitled to a liberal reading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Petitioner first argues that his counsel was ineffective. Claims of ineffective assistance of counsel are reviewed under the two-prong test delineated in *Strickland v. Washington*, 466 U.S. 668 (1984) (*Strickland*). Under this test, a defendant must demonstrate both: (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. *See Strickland*, 466 U.S. at 688. The deficiency prong requires a defendant to demonstrate that the representation he received was objectively unreasonable, considering all of the circumstances. Counsel's conduct is strongly presumed to satisfy professional standards. *See Strickland*, 466 U.S. at 688-89. To demonstrate actual prejudice, a defendant must show that his counsel's performance was "objectively unreasonable and that, but for her errors, he would not have pleaded guilty. *See Carroll v. United States*, 412 F.3d 787, 793 (7th Cir. 2005); *Hays v. United States*, 397 F.3d 564,

568 (7th Cir. 2005). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 696.

Petitioner claims that his criminal history erroneously included a criminal history point "for a misdemeanor committed as a juvenile . . . resulting in a sentence of supervision . . . in violation of U.S.S.G. 4A1.2" This is incorrect. As reflected in the Presentence Investigation Report, Petitioner was sentenced to three days' community service and two months of supervision when he was seventeen years old. Petitioner further claims that "counsel failed to object to [this] improper application of the sentencing guidelines." Again, Petitioner is incorrect. His counsel specifically objected to the calculation of his criminal history based on Petitioner's 2001 misdemeanor conviction and cited U.S.S.G. 4A1.2 in a Position Paper filed prior to sentencing. The Court ruled against Petitioner on this issue at the time of sentencing.

Petitioner also argues that his due process rights were violated because of the above-alleged sentencing error and because he was actually innocent of the conspiracy because he only conspired with one other individual, a "Government agent, who had no intention of conspiring to violate the law." This is expressly contradicted by the language of the Plea Agreement referred to above and by a similar oral proffer by the Government which the Petitioner acknowledged was true at the time of his guilty plea. The Government argues only that Petitioner is barred from raising this issue because it was not raised on direct appeal.

Claims not raised on direct appeal, with the exception of ineffective assistance of counsel, may not be raised on collateral review unless the petitioner can show cause and prejudice. *See Massaro v. United States*, 123 S. Ct 1690, 1694 (2003). A petitioner may be excused from a

procedural default if he or she can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or a failure to review the claim will result in a fundamental miscarriage of justice. *Schaff v. Snyder*, 190 F.3d 513, 526 (7th Cir. 1999). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" which precludes the petitioner's ability to pursue his or her claims. *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (*Murray*). Ordinarily, this requires a showing of some external impediment preventing counsel from constructing or raising the claim. *Murray*, 477 U.S. at 488.

Petitioner has not shown that his counsel's performance was in any way deficient. Even if this were not the case, Petitioner has not demonstrated that he was in any way prejudiced.

To demonstrate a fundamental miscarriage of justice, the petitioner must show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (*Schlup*), quoting *Murray*, 477 U.S. at 496. Thus, the petitioner must show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.

Petitioner contends that his failure to raise his second issue should be excused because he is actually innocent (a fundamental miscarriage of justice) of the conspiracy because he conspired with a government agent who did not intend to violate the law. Petitioner's claim lacks merit. As discussed above, Petitioner pled guilty to conspiring with two co-defendants (neither a government agent) to sell guns as alleged in Count One of the superseding indictment and acknowledged this

specific conduct in the written Plea Agreement and during colloquy with the Court at the time of his guilty plea.

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence, pursuant to 28 U.S.C. § 2255 is denied.

Dated: March 13, 2006

JOHN W. DARRAH
United States District Court Judge